BEACH HAVEN YACHT CLUB, a corporation of the State of New Jersey, complainant,

*v.*

BEACH HAVEN HARBOR YACHT CLUB, a corporation of the State of New Jersey, defendant.

[Decided June 2d, 1932.]

*Mr. Albert L. Kushinsky,* for the complainant.

*Messrs. Jayne & McCloskey,* for the defendant.

INGERSOLL, V. C.

The complainant has been a corporation for nearly fifty years and for many years has had a clubhouse on property adjacent to or near the public or city wharf in Beach Haven, New Jersey. This clubhouse was built upon rented land. The owners thereof desired to sell the land and gave the complainant an opportunity to purchase it, but because of financial inability or other reasons, the club declined to purchase said land and moved their building to a new position along the inland waterways, several hundred feet from its old location.

The club has three classes of memberships, first, sailing

boats for hire, that is, taking passengers for pay, the second class consisting of those who sail their boats for pleasure, and the third class being contributing members.

Adjoining the old location of the clubhouse there was a restaurant or hotel owned by parties by the name of Parker. These people organized a corporation known as Beach Haven Harbor, Incorporated, and purchased the land formerly occupied by the complainant's clubhouse, with considerable acreage adjoining the same, and proceeded to improve the same by building bulkheads, filling in lowlands and constructing a basin or mooring place for small boats. The Beach Haven Harbor Yacht Club was then incorporated, using the name of the land company and adding the words "Yacht Club."

The complainant having moved from the immediate vicinity of the public dock, some of its members, principally those of the first class mentioned, withdrew from its membership and joined the defendant club.

Both parties have erected signs guiding persons to their respective clubhouses. It should be said, however, that the defendant is presently occupying certain portions of the premises, used by the Parkers as a restaurant, for temporary clubhouse purposes. Upon at least one of the signs originally erected by the defendant, the word "Harbor" was painted in very small letters and in an inconspicuous manner. Shortly thereafter, the word "Harbor" was painted out and inserted in larger size letters and in a different color.

In addition to the testimony taken before me and the exhibits presented, I have viewed the premises, and I do not believe that any person is likely to be deceived by the similarity of names, in view of the signs placed, not only by the complainant but by the defendant, and the one placed by the complainant upon its clubhouse. I have no doubt that people will go to the public or city dock for the purpose of securing boats, as they have done in the years past, but I do not believe it is because of the similarity of names or of signs.

While I do not consider that *Cape May Yacht Club* v. *Cape May Yacht and Country Club, 81 N. J. Eq. 454,* is en-

tirely parallel, Vice-Chancellor Backes says, in *Evening Journal Association* v. *Jersey Publishing Co., 96 N. J. Eq. 54:*

"A geographical name is not the subject of exclusive appropriation, but an established trade of which it is the badge, will be protected against unfair competition by the use of the name. *Van Horn* v. *Coogan, 52 N. J. Eq. 380.* If such a name so used as a badge of trade be taken by another with intent to mislead the public to the injury of the complainant, equity will enjoin, even though, otherwise, he would have the right to use it. *International Silver Co.* v. *William A. Rogers, 67 N. J. Eq. 646; Eureka Fire Hose Co.* v. *Eureka Rubber Co., 69 N. J. Eq. 159; Cape May Yacht Club* v. *Cape May Yacht and Country Club, 81 N. J. Eq. 454.* If no fraudulent intent in the adoption of the name appears equity will relieve, if the use of such name by another confuses and misleads the buying public to the injury of the complainant. Diversion of complainant's trade by the use of the name is fraudulent. *Wirtz* v. *Eagle Bottling Co., 50 N. J. Eq. 164; Johnson* v. *Seabury, 69 N. J. Eq. 696; Rubber and Celluloid Harness Trimming Co.* v. *Rubber Bound Brush Co., 81 N. J. Eq. 419; National Biscuit Co.* v. *Pacific Coast Biscuit Co., 83 N. J. Eq. 369.* Neither actual confusion nor actual fraudulent intent need be shown where the necessary and probable tendency of the defendant's conduct is to deceive the public and pass off his goods or business as and for that of the complainant. *Hilton* v. *Hilton, 90 N. J. Eq. 564.* Proof of any express intention to pirate the complainant's trade is, of course, not at hand, and, ordinarily, is not to be expected."

I will, as was done in the *Evening Journal Case, supra,* advise that the bill be dismissed.